UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No.: 14-70427 |
| Aziz Convenience Stores LLC | § | |
| Debtor(s) | § | Chapter 11 |
| | § | |

## EXPEDITED MOTION FOR AN INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND REQUEST FOR HEARING ON AUGUST 6, 2014, IN BROWNSVILLE, TEXAS

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR REPSONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMEREGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

A Hearing on this Motion will be scheduled for August 6, 2014 at 9:00 a.m. in the United States Bankruptcy Court located at 600 East Harrison, Brownsville, TX 78520.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Aziz Convenience Store, ("Debtor") hereby files this MOTION FOR AN INTERIM ORDER AUTHORIZING THE USE OF CASH COLLERTAL AS TO THE PLAINS CAPITAL BANK UNTIL AUGUST 21, 2014 AND REQUEST FOR A HEARING MCALLEN, TEXAS ("Motion"). In support of the Motion, the Debtor respectfully represents as follows:

1. Notice. Notice of the Motion has been served in accordance with Bankruptcy Code and Rules and which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

2. Chapter 11 Filing. The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on August 04, 2014 ("Petition Date") and is presently operating as a Debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

3. Pre-petition Debt and Collateral of the Plains Capital Bank ("PCB"). The PCB asserts an indebtedness to them based on financing secured by interest in certain of the Debtor's account receivables, deposit accounts, general intangibles, and cash proceeds thereof ("Cash Collateral"), real estate and inventory among other things, to secure indebtedness to them.

4. Cash Collateral. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents, whenever acquired in which the estate and an entity other than the estate have an interest and includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or sale of inventory gasoline subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9-306.

5. Necessity and Best Interest. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business Chapter 11. The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate an irreparable harm to the estate. The amount of cash collateral authorized to be used is not to exceed the

amounts reflected in the Debtor(s)'s budget, annexed hereto as Exhibit A (the "Cash Collateral Budget").

6. Purposes. The Debtor seeks authorization to use cash collateral to meet the ordinary cash needs of the Debtor (and for such other purposes as may be approved in writing by the Secured Creditors) for the payment of:

   a. Reasonable and necessary operating expenses:
   b. Payroll;
   c. Maintenance and preservation of property of the estate; and
   d. Payment of expenses associated with this Chapter 11 case, including United States Trustee's fees and professional fees and expenses. The Debtor requests the following relief: Use of Cash Collateral as necessary to fund debtor's daily expenses until further order of this court or confirmation of a Plan of Reorganization.

7. Use of the Lien holder's Cash Collateral by the Debtor is authorized for the following purposes:

   a. Reasonable and necessary operating expenses;
   b. Payroll;
   c. Inventory including gasoline
   d. Maintenance and preservation of property of the estate; and
   e. Payment of expenses associated with this Chapter 11 case, including United States Trustee's fees and professional fees and expenses.

8. Adequate Protection payments to the Plains Capital Bank:

   a. The Plains Capital Bank will be granted a replacement lien on all inventory and accounts receivable acquired by the Debtor since filing of the petition and is hereby

ratified and confirmed in its lien filed on the Debtor's real estate inventory, accounts, and fixtures perfected by the Plains Capital Bank prior to the filing of the Debtor's petition in the cause with such lien and replacement lien to continue until further Order of this Court or confirmation of a Plan of Reorganization.

b. Debtor shall make periodic monthly payments to the Plains Capital Bank in the sum of $8000.00 OR an amount to be agreed on with PCB, to begin on September 10, 2014 and continuing thereafter on the 10th of each successive month until a Plan is confirmed or further Order of this Court. Payments must be mailed to the address as requested by Plains Capital Bank.

c. Debtor shall remain current of all tax obligations, including but not limited to, deposit of employee withholdings for income, Social Security taxes and hospital insurance (Medicare) and employer's contribution for Social Security taxes and deposit of excise tax, and sales taxes as applicable. Debtor shall file all present and future tax returns as they become due and provide a copy to (PCB) at the address: as requested by:

Plains Capital Bank

d. The Debtor must immediately begin to make its quarterly payments for its payroll tax obligations for the 2014 tax year for the current quarter and ongoing.

9. Plains Capital Bank consents to the Debtor's limited use of its cash collateral on an interim basis pursuant to the terms and conditions set forth in the Order Granting Debtor's Motion for Approval of Interim Use of Cash Collateral of Plains Capital Bank, Granting Plains Capital Bank Replacement Liens and Request for Final Hearing (the "Order").

10. In exchange for its consent to allow the Debtor to use its cash collateral, Plains Capital Bank shall be granted post-petition replacement and additional liens and security interests, as set forth in the Order.

## II. RELIEF REQUESTED

11. The Debtor seeks authority under 11 U.S.C. §363(c)(2)(B) to use the collateral of Plains Capital Bank through approximately August 21, 2014, or as set out the proposed Order. Debtor has insufficient other unencumbered cash resources, and been unable to obtain sufficient post-petition credit to maintain its business other than pursuant to section 363 of the Bankruptcy Code.

## III. ARGUMENT

12. Debtor requires the continued use of cash collateral to make payments on, among other things, taxes, rentals, insurance, payroll, payroll expenses, utility charges, and the costs of keeping the business at the status quo. Such expenses are encountered by Debtor in the ordinary course of the Debtor's business, and the payment of the expenses is critical to the continued existence of the business and the administration of the cases and bankruptcy estate. A copy of the Debtor's proposed budget is attached hereto as Exhibit "A". As provided in the Order, the Debtor may expend up to 105% without specific permission. The Debtor reserves the right to amend the budget at any time prior to any hearing, provided however, that absent Plains Capital Bank's written approval, Debtor shall not incur or pay any additional expenses beyond the Authorized Expenses unless the Bankruptcy Court, after hearing duly noticed to Lender, authorizes Debtor to incur and/or pay such expenses. The Debtor reserves the right to seek to extend the interim or extended use of cash collateral through a separate motion and order.

13. The Motion does not seek to replace or Alter the liens and other rights of Plains Capital Bank.

14. The Debtor submits that the continued use of cash collateral for at least two weeks, or until a cash collateral motion may be heard under Fed. R. Bank. P. §4001(b), and an order entered, in order to preserve the Debtor's estate and deemed to be in the best interest of the estate and the Debtor's creditors, including Plains Capital Bank.

15. The Debtor proposes to provide adequate protection to Plains Capital Bank to the extent required by this Court, in the form of the following:

    a. First and to the extent necessary, replacement liens and security interests in and to all assets and property of Debtor of any kind or nature whatsoever, wherever located, including, without limitation, all of Debtor's now owned as of the Petition Date, and thereafter or hereafter acquired, right, title and interest in the Collateral, real property, leases, goods, accounts, accounts receivable, chattel paper, contract rights, instruments, documents, genral intangibles, claims against third parties, inventory, machinery, equipment, fixtures, leasehold improvements, goodwill, licenses, patents, trademarks, trade names and franchises, together with all parts and appurtenances thereto, accessions to, renewals, replacements, products and proceeds of, and books and records pertaining to, the foregoing;

    b. Lender will be granted a post-petition lien in avoidance actions under Section 544, 547, 548, 549 and 550 of the Bankruptcy Code only to the extent that the value of Lender's Collateral declines after the Petition Date.

    c. The replacement liens shall attach automatically and Plains Capital Bank shall not be required to file anything in order to perfect its replacement liens.

    d. On each Tuesday of each week, commencing on August 12, 2014, Debtor will Deliver to Lender a weekly operating report for the immediately preceding week. Such weekly operating report will include an aging of all accounts receivable and a line item accounting of all receipts and expenses on a cash basis for such week in the same format ( and with the same line items) as Exhibit A hereto. All weekly accountings submitted by Debtor to Lender will be in a format that permits Lender to make a meaningful determination of Debtor's compliance or non compliance for each line item in the Budget.

    e. Debtor immediately will provide Lender, and its consultants, employees and/or agents, with full access to Debtor's books and records for the purpose of examination and inspection of such books and records and the Collateral (including accounts receivable and inventory) and observation of Debtor's operations, and will provide all reasonable information and documents requested by Lender or its consultants, employees and/or agents with full access to Debtor's books and records, upon 24 hours notice to Debtor, to enter the Debtor's place of business during reasonable business hours for the purpose of examination, inspection of such books and records and the Collateral (including accounts receivable and inventory) and observation of Debtor's operations and will provide all reasonable information and documents requested by Lender or is consultants, employees and/or agents.

    f. In the event that Debtor defaults on any of the conditions of this Order, the Bank will notify the Debtor's attorney of the default. If the default is not cured within twenty (20) days of the date of the notification the continued use of cash collateral is denied and the Bank will file a motion for dismissal or conversion. During the term of

this Agreed Order, the Debtor may default on any of the terms three (3) times. If the third default cannot be cured, then PCB may deny the continued use of cash collateral and file a motion to dismiss or convert. In compliance with the Federal Rule of Bankruptcy Procedure 4001(d), the Debtor requests that the following paragraph be added to the Order authorizing the use of cash collateral or granting adequate protection.

> The Court, having reviewed the above terms, finds that they are approvable as the Interim Order of this Court. Counsel for the Debtor shall promptly furnish Notice of same to all other parties in interest in these Chapter 11 proceedings, affording them an opportunity to object. If no sustainable objections are brought within fifteen (15) days of the mailing of such Notice, this Interim Order shall become final and remain in effect until August 21, 2014 or further order of this Court.

Continuing Jurisdiction. The Court will expressly retain jurisdiction over all persons and entitles, coextensive with the powers granted to it under the Bankruptcy Code, to enforce the terms of this Order, to adjudicate any and all disputes in connection therewith, and grant authority to use the cash collateral of Lien holder.

16. Request for Hearing. A hearing is requested for August 6, 2014 at 9:00 A.M. at the United States Bankruptcy Judge Richard S. Schmidt, 600 East Harrison, Brownsville, Texas 78520.

17. The Debtor submits that use of cash collateral in the Debtor's ongoing operations is in the best interest of the estate and the Debtors' creditors.

WHEREFORE the Debtor respectfully requests that this Court grant an entry of The Interim Order Authorizing use of Cash Collateral and granting such other further relief as is just and proper.

Date: August 5, 2014

                                        Respectfully submitted,

                                        The Law Office of William A. Csabi, P.C.

                                        /s/WILLIAM A. CSABI
                                        William A. Csabi
                                        Texas Bar No.05197800
                                        1213 E. Tyler
                                        Harlingen, TX 78550
                                        (956)412-2727 Telephone

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on the date that it was filed electronically. Service was accomplished by the method and to the following as indicated: BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL, POSTAGE PREPAID:

                                        /s/WILLIAM A. CSABI
                                        William A. Csabi

**Debtor:**
Aziz Convenience Stores, L.L.C.
4513 North 4th St.
McAllen, TX 78504-2939

**Debtor's Attorney:**
William A. Csabi, P.C
Attorney at Law
1213 E. Tyler
Harlingen, TX 78550-7139

**U.S Trustee:**
Barbara C. Jue
Office of US Trustee
606 N Carancahua, St 1107
Corpus Christi, TX 78476-1702

**CREDITORS:**

7 Up Big Red
915 N Ed Carey Dr.
Harlingen, TX 78550-9203

AT&T
PO Box 78628
Phoenix, AZ 85062-8628

Allied Waste Service
604 Trinity St.
Mission, TX 78572

American Petroleum Carriers
3601 N. Water Rd., Ste. B
McAllen, TX 78501-3304

Arguindegui Oil
4506 Texas 359
Laredo, TX 78043

CPL Retail Energy
PO Box 2036
Warren, MI 48090-2036

City of San Juan Water Works
709 S. Nebraska
San Juan, TX 78589-3304

Coca-Cola
2400 W. Expressway
McAllen, TX 78504

Colorado Box Beef
302 Progress Rd.
Auburndale, FL #3823-2727

DT Armour
3601 N. Ware Rd., St.
McAllen, TX 78501- 3304

Ferguson Ware Works
1900 W. Expressway 83
Mission, TX 78572-6900

First Quality Vegetable
2263 Pecan
McAllen, TX 78501-6734

Hi Tech Security Systems
1200 W Veterans Blvd.
Mission, TX 78572-7091

Hudson Energy
PO Box 731137
Dallas, TX 75373-1137

Guardian Pest Control
3416 Queta Ave.
McAllen, TX 78503-8757

Ivory Palm Estate
3700 N. 10th St.
McAllen, TX 78501-1773

L&F Distributors
3900 N. McColl Rd.
McAllen, TX 78501- 9160

Frito Lay
1505 Mid Cities Dr.
Pharr, TX 78577-2128

La Unica
106 S. Alton Blvd
Alton, TX 78573-6871

Magic Valley
PO Box 267
Mercedes, TX 78570-9160

Glazaer
2000 Redbud Ave.
McAllen, TX 78504-4130

McAllen Public Works
4201 N. Bentsen Rd.
McAllen, TX 78504

Oak Farm Dairy
525 Beaumont Ave.
McAllen, TX 78501-2737

International Bank Of Commerce
PO Box 1831
Brownsville, TX 78522-1831

R&R Distributors
1401 E. Minnesota Rd.
Pharr, Tx 78577-5197

Rio Grande Poultry
4100 W. Ursula Ave.
McAllen, TX 78503-9007

La Joya Utility Department
101 N. Leo Ave.
La Joya, TX 78560-4194

Texas Alcoholic Beverage
Commission
PO Box 13127
Austin, TX 78711-3217

Texas Lottery
PO Box 16660
Austin, TX 78761-6660

City of McAllen
Health Department
1300 W. Houston Ave.
McAllen, TX 78501-5002

PFG
2805 CCR 814
La Faria, TX 78559

Plains Capital Bank c/o
Atlas, Hall & Rodriguez, LLP
818 W. Pecan Blvd
McAllen, TX 78502-3725

State Comptroller
111 E. 17th St.
Austin, TX 78774-01009816.00

Texas Lottery Commission
PO Box 16630
Austin, TX 78761-6630

Wencar Wholesale
818 S. Padre Island Dr.
Corpus Christi, TX 78416-2506

Valero LP
One Valero Way
San Antonio, TX 78577-9526

And all creditors of notice.

# EXHIBIT "A"

AQS
BUDGET APPROXIMATION                                          08/05/14
August 5 - 21, 2014

|  | August 5 - 21, '14 |
|---|---:|
| **Cost of Goods Sold** | |
| Colorado | 15,103.30 |
| PFG | 32,998.33 |
| Oak Farms | 34,376.36 |
| R&R Distritubiton | 3,735.93 |
| 7up | 5,947.00 |
| First Quality | 2,997.00 |
| PaySpot | 7,362.70 |
| Valero | 2,559,432.47 |
| Frito Lay | 29,598.16 |
| Coca Cola | 83,592.73 |
| Glazers | 50,061.35 |
| L&F Distrubutors | 172,840.00 |
| Texas Lottery | 127,522.22 |
| **Total COGS** | 3,125,567.55 |
| **Expense** | |
| Empoyee Social Security | 25,000.00 |
| Sales Tax | 100,000.00 |
| State Comptroller | 35,000.00 |
| Frieght | 30,000.00 |
| Insurance | 3,000.00 |
| Employee Insurance | 15,000.00 |
| Building Insurance | 15,000.00 |
| Credit Card Expense | 19,000.00 |
| Operating Expense | 10,000.00 |
| Rent | 2,000.00 |
| Payroll | 110,000.00 |
| Professional Fees | 20,000.00 |
| Utilities | 80,000.00 |
| **Total Expense** | 464,000.00 |
| | |
| **Total COGS & Expenses** | 3,589,567.55 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| In re: Aziz Convenience Stores, L.L.C. | § § § | Case No.:14-70427 |
| DEBTOR(S) | § | CHAPTER 11 |

### INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL

*THIS MOTION FOR INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL* is before the Court on the Motion, LTD ("Debtor") for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001(b) and U.S.C. Section 363(c)(2)(B). Notice of the Motion together with notice of the preliminary hearing thereon has been given and served by the Debtor to the (1) the United States Trustee, (2) the Debtor(s)'s secured creditors, (3) any committee appointed under Section 1102 if one has been appointed, and if not , to the twenty (20) largest unsecured creditors on the Rule 1007 (d) list. The Court considered the Motion, and after due deliberation and good sufficient cause appearing for of the entry of the herein order, the Court FINDS THAT:

1. Notice. Notice of the Motion has been served in accordance with the Bankruptcy Code and Rules and which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

2. Chapter 11 Filing. The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on August 4, 2014 ("Petition Date") and is presently operating as a Debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

3. Pre-petition Debt and Collateral of the Plains Capital Bank asserts an indebtedness to them based on taxes secured by interest in certain of the Debtor's account receivables, deposit , accounts, general intangibles, and cash proceeds thereof ("Cash Collateral"), real estate and vehicles among other things, to secure indebtedness to them.

4. Cash Collateral. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code means cash, negotiable instruments, documents of the title, securities, deposit accounts, or other cash equivalents, whenever acquired in which the estate and an entity other than the estate have interest and includes post- petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9-306.

5. Necessity and Best Interest. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate an irreparable harm to the estate. The amount of cash collateral authorized to be used is not to exceed the amount reflected in the Debtor(s)'s budget, annexed hereto as Exhibit A (the "Cash Collateral Budget").

6. Purposes. The Debtor seeks authorization to use cash collateral to meet the ordinary cash needs of the Debtor (and for such purposes as may be approved in writing by the Secured Creditors) for the payment of:

> A. Reasonable and necessary operating expenses;
>
> B. Payroll;
>
> C. Maintenance and preservation of property of the estate; and
>
> D. Payment of expenses associated with this Chapter 11 case, including United States Trustee's fees and professional fees and expenses. The Debtor request the following relief:

7. **IT IS THEREFORE ORDERED** that use of the Lien holder's Cash Collateral by the Debtor is

authorized for the following purposes:

    A. Reasonable and necessary operating expenses;

    B. Payroll;

    C. Maintenance and preservation of property of the estate; and

    D. Payment of expenses associated with this Chapter 11 case, including United States Trustee's fees and professional fees and expenses.

8.    Adequate Protection payments to the Internal Revenue Service:

    A. IT IS FURTHER ORDERED that the Bank is hereby granted a replacement lien on all inventory and accounts receivable acquired by the Debtor since the filing of the petition and is hereby ratified and confirmed in its lien filed on the Debtor's inventory, accounts and fixtures perfected by Plains Capital Bank prior to the filing of the Debtor's petition in the cause with such lien and replacement lien to continue until further Order of this Court or confirmation of a Plan of Reorganization.

    B. **IT IS FURTHER ORDERED** that Debtor shall make periodic monthly payments to the Plains Capital Bank in the sum of $80,000.00 each month or an amount to be agreed on with Bank, to begin September 12, 2014 and continue thereafter on the 12th of each successive month until a Plan is confirmed or further Order of this Court. Payments must be mailed to the address in paragraph c.

    C. **IT IS FURTHER ORDERED** that Debtor shall remain current of all tax obligations, including but not limited to, deposit of employee withholdings for income, Social Security taxes and hospital insurance (Medicare) and employer's contribution for Social Security taxes and deposit of excise tax, if applicable. Debtor shall file all present and future tax return as the become due.

    D. **IT IS FURTHER ORDERED** that the Debtor must immediately begin to make its quarterly payments for its payroll tax obligations for the 2014 tax year for the current quarter and ongoing.

E. **IT IS FURTHER ORDERED** that in the event that Debtor defaults on any of the conditions of this Order, the Service will notify the Debtor's attorney of the default. If the default is not cured within twenty (20) days of the date of the notification the continued use of cash collateral is denied and the Service will file a motion for dismissal or conversion. During the term of this Agreed Order, the Debtor may default on any of the terms three (3) times. If the third default cannot be cured, the Bank may deny the continued use of the cash collateral and file a motion to dismiss or convert.

F. **IT IS FURTHER ORDERED** that Counsel for the Debtor shall promptly furnish Notice of same to all other parities in interest in these Chapter 11 proceedings, affording them an opportunity to object. If no sustainable objections are brought within 15 days of the mailing of such Notice, this Interim Order shall become final.

G. **IT IS FURTHER ORDERED** that the Court hereby expressly retains jurisdiction over all persons and entities, coextensive with the powers granted to it under the Bankruptcy Code, to enforce the terms of this Order, to adjudicate any and all disputes in connection therewith, and to grant authority to use the cash collateral of Lien holder.

9. **IT IS FURTHER ORDERED** that a hearing will be held August 21, 2014 at 9:00 am at the United States Bankruptcy Court, 1701 W. US Highway 83, McAllen, TX 78501,concerning the continued use of the Lien Holder's cash collateral , unless other wise agreed.

Date:_____

RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE