

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

ENTERED
05/22/2015

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 14-70427** |
| **AZIZ CONVENIENCE STORES, L.L.C.,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

283

**ORDER (A) APPROVING SALE AND BID PROCEDURES IN**
**CONNECTION WITH SALE OF ASSETS OF THE DEBTORS, (B)**
**APPROVING FORM AND MANNER OF NOTICE, (C) SCHEDULING**
**AUCTION AND SALE HEARING, (D) AUTHORIZING PROCEDURES**
**GOVERNING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY**
**CONTRACTS AND UNSEXPIRE LEASES, AND (E) GRANTING RELATED RELIEF**
[Relates to Docket #283]

Upon consideration of the Emergency Motion,[1] Pursuant to Bankruptcy Code Sections

105(a); 363; and 365, and Bankruptcy Rules 2002, 6004, and 6006 for Entry of:  (I) an Order:

(A) Approving Auction and Bid Procedures; (B) Scheduling Auction and Sale Hearing; (C)

Approving the Form and Manner of Service of Notice of Assumption and Assignment of Certain

Executory Contracts and Unexpired Leases; and (D) Granting Related Relief; and (II) An Order:

(A) Approving Purchase Agreement; (B) Authorizing Sale Free and Clear of All Liens, Claims,

Encumbrances, and Other Interests, (C) Approving Form and Manner of Service of Notice of

Sale Hearing; and (D) Granting Related Relief (the "Motion"); the Court having reviewed the

Motion and any objections thereto and having considered arguments of counsel and the evidence

presented at the hearing on the Motion; and the Court having determined that the legal and

factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the

relief granted herein;

THE COURT HEREBY FINDS THAT:

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Bid
Procedures.

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C § 157(b)(2).

B.      Notice of the Motion was sufficient and adequate under the circumstances.

C.      The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bid Procedures; (ii) approve the Break-Up Fee, (ii) approve the scheduling of an Auction and set the Sale Hearing and approve the manner of notice of the Auction and Sale Hearing; and (iii) approve the procedures for the assumption and assignment of the Assumed and Assigned Contracts, including notice of proposed Cure Amounts.

It is therefore **ORDERED, ADJUDGED AND DECREED** that:

1.      <u>Sale Hearing</u>.  The Sale Hearing shall commence on July 28, 2015, at 10:00 a.m. (CDT), at the Federal District Couthouse, Bankruptcy Courtroom, 2nd Floor, 1133 N. Shoreline, Corpus Christi, TX, or before any other judge who may be sitting in his place and stead.  The Debtors may adjourn the Sale Hearing without further notice other than by announcement in open Court or on the Court's calendar.

2.      <u>Objection Deadline</u>. All objections to the Sale of the Assets, the assumption and assignment of the Assumed and Assigned Contracts, or any relief requested in the Motion other than the relief granted by this Court in the Bid Procedures Order must be: (a) in writing; (b) signed by counsel or attested to by the objecting party; (c) in conformity with the Bankruptcy Rules and the Local Rules of the Court; (d) filed with the Bankruptcy Court, by no later than 5:00 p.m. (Central Time) on July 24, 2015 (the "Objection Deadline"); and (e) served in accordance with the Local Rules so as to be received on or before the relevant objection deadline by the following (collectively, the "Objection Notice Parties"):

|  |  |
|---|---|
| **Counsel for the Debtor:** | **Counsel for PlainsCapital Bank:** |
| Okin & Adams LLP | Gardere Wynne |

2

1113 Vine St., Suite 201                    1601 Elm St., Ste. 300
Houston, Texas 77002                        Dallas, TX 75201
ATTN: Matthew S. Okin                       ATTN: Marcus Helt
mokin@okinadams.com                         mhelt@gardere.com

**Counsel for the Proposed Purchaser:**     And

Patricia Reed Constant                      Atlas, Hall & Rodriguez, LLP
One Shoreline Plaza                         P.O. Box 3725
800 N. Shoreline Blvd., Suite 320 S         McAllen, TX 78502-3725
Corpus Christi, TX.  78401-3733             ATTN: Vicki Skaggs
prc@prconstantlaw.com                       vmskaggs@atlashall.com


**Counsel for the United States Trustee:**

Office of the United States Trustee
515 Rusk Ave.
Houston, Tx  77002
(713) 718-4650 Ext. 252
ATTN: Stephen D. Statham
Stephen.Statham@usdoj.gov

3.      Notice.  After entry of the Bid Procedures Order, the Debtor will cause the Bid

Procedures Order to be served by first-class mail, postage prepaid, facsimile, electronic

transmission, or overnight mail upon: (i) all entities known by the Debtor to have expressed

an interest in a transaction with respect to the Assets since the Petition Date, including all

Qualified Bidders; (ii) all state and local taxing authorities or recording offices which have a

reasonably known interest in the relief requested; (iii) all non-debtor parties to relevant

contracts or leases (executory or otherwise); (iv) all parties who are known or reasonably

believed, after reasonable inquiry, to have asserted any lien, encumbrance, claim, or other

interest in the Assets; and (v) upon all parties set forth in the Debtor's Master Service List

maintained in these cases (to the extent any party to receive notice thereby has not received

notice pursuant to sections (i) through (iv) above).

4.      Bid Procedures.  The Bid Procedures, attached hereto as Exhibit 1, are hereby authorized and approved in their entirety.[2]  The Bid Procedures shall be binding on all parties as if fully set forth herein.  Each person or entity who submits a Qualified Bid shall be deemed to have read and understood the terms and conditions of the Bid Procedures and shall comply with and be bound by the Bid Procedures.  The Bid  Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed Sale of the Assets.  Any party desiring to bid on the Assets shall comply with the Bid Procedures and this Order.  The Debtor is authorized to take any and all actions necessary to implement the Bid Procedures. Pursuant to the Bid Procedures, and subject to the final determination of this Court, the Debtor is authorized to determine, in its business judgment, the highest or otherwise best Bid(s) and the Successful Bidder(s) and Back-Up Bidder(s).

5.      Credit Bid.  PlainsCapital Bank ("PCB") holds an allowed, secured claim in the Assets and shall be entitled (but not obligated) to credit bid to the full extent of its claims on all or any of the Assets at the Auction, or at any time thereafter if the Successful Bidder or Back-Up Bidder fails to close on its Successful Bid or Back-Up Bid, as applicable, or the Court does not approve a Proposed Sale hereunder.  PCB will notify Debtor and all Qualified Bidders of its initial credit bid, if any, by 5:00 p.m. (CDT) on July 17, 2015.  If PCB elects to credit bid, it will be a Qualified Bidder and PCB's bid will be a Qualified Bid under the Bid Procedures without the need to follow any such procedure, and PCB may participate in the Auction; provided, however, PCB's maiximum bid at the Auction shall be no greater than its allowed claim.  Any purchase of the Assets by credit bid under section 363(k) of the Bankruptcy Code shall constitute a sale free and clear of all Interests, and PCB shall be

---

[2] To the extent anything in this Order conflicts with or is inconsistent with the Bid Procedures, the Bid Procedures shall control.

entitled to all protections available to good-faith purchasers under section 363(m) of the Bankruptcy Code.

6.    <u>Stalking Horse Bid Protections</u>.  The Stalking Horse Bid Protections are approved as follows:

a.    In the event that the Stalking Horse Bid is not Successful Bid accepted by the Debtor then, and only then, the Stalking Horse Bidder shall be entitled to and the Debtor is authorized to:

i.    Return any Good Faith Deposit tendered with the PSA, subject to the terms provided in the Bid Procedures with regard to return of the deposits of Qualifying Bidders;

ii.    Pay the Stalking Horse Bidder, as an administrative expense, of: (x) a Break-Up Fee in the amount of $840,000.00; and (y) the actual amount expended by the Stalking Horse Bidder in conducting activities of investigation and due diligence in connection with the presentation of its Bid and Asset Purchase Agreement. PROVIDED, however, that the amount of any such payment shall not exceed $500,000.00 (the "Due Diligence Reimbursement").

b.    If the Stalking Horse Bid is not successful, then the unsuccessful Stalking Horse Bidder shall have ten (10) days in which to submit its statement(s) for Due Diligence Reimbursement to Okin & Adams LLP, 1113 Vine St., Suite 201, Houston, Texas 77002, ATTN: Matthew S. Okin (mokin@okinadams.com), (with copy to counsel for Plains) for payment out of sale proceeds.  The Debtor and Plains shall have 5 days to object to the Stalking Horse Due Diligence Reimbursement.  Any such objection must be made in writing and delivered to the Debtor and the Stalking Horse Bidder (with copy to counsel for Plains).  If no party timely objects to the Stalking Horse Due Diligence Reimbursement, the Debtor may pay the Stalking Horse Due Diligence Reimbursement and the Break-Up Fee.  If a party timely objects to the Stalking Horse Due Diligence Reimbursement, the Stalking Horse Bidder shall have ten days in which to file a Motion with the Court for the purpose of determining allowance of the Due Diligence Reimbursement.  Notwithstanding any other provision of this Motion, the Debtor shall retain 100% of the demanded Stalking Horse Due Diligence Reimbursement in escrow, subject to PCB's liens, until the allowance of the reimbursement has been determined by the Court.  The Debtor shall not be liable to any party for failure to pay any demanded Due Diligence Reimbursement except upon a showing of actual malice or bad faith.

Gardere01 - 6611878v.1

7.      The Assumption and Assignment Procedures set forth in the Motion are hereby approved.  As soon as practicable after the entry of this Bid Procedures Order, the Debtor shall to serve the Assumption and Assignment Notice.

8.      The Debtor is authorized to take all actions necessary and appropriate to implement and effectuate the relief granted pursuant to this Order in accordance with the Motion and, except as expressly prohibited herein, to expend such sums of money and do other things as may be necessary and appropriate to comply with the requirements established by the Bid Procedures and this Order.

9.      The Debtors shall file the proposed Sale Order approving the Sale to the Successful Bidder at least two (2) days prior to the Sale Hearing.

10.     Notwithstanding anything in the Bid Procedures or this Order nothing shall in any way impair, alter, or affect (a) the *Stipulation and Agreed Final Order Authorizing the Debtor's Use of Cash Collateral* [Doc. #181];  (b) PCB's rights against and liens in the assets that secure its claims against the Debtor and the guarantors, including the assets and proceeds of the assets; and (c) PCB's rights (i) under § 363 of the Bankruptcy Code or (ii) to object to the Auction or the Sale(s).

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

12. Notwithstanding Federal Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry.

SIGNED:  ___May 21, 2015_____ .

_____
THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

6

Gardere01 - 6611878v.1