**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 14-70427** |
| | § | |
| **AZIZ CONVENIENCE STORES, L.L.C.** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**AGREED MOTION FOR ORDER AUTHORIZING AND APPROVING DISTRIBUTION OF SALE PROCEEDS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Aziz Convenience Stores, L.L.C., debtor and debtor-in-possession, ("Debtor") and files this Agreed Motion for Order Authorizing and Approving Distribution of Sale Proceeds (the "Motion"), and in support hereof, respectfully states as follows:

## I. JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On August 4, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division. The Debtor continues in possession of its properties and is operating and managing its business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. On August 1, 2000, the Debtor's principal, Dagoberto G. Treviño ("Treviño"), bought 205.88 acres of real property located in Hidalgo County, Texas (the "200 Acres") and, thereafter, arranged for the Debtor to guarantee notes regarding the 200 Acres (collectively the "Notes"). Not only did the Debtor act as guarantor on the Notes, but Treviño used the Debtor's funds to make payments on the Notes and always intended for the 200 Acres to be an asset of the Debtor. On August 12, 2014, Greenwich Investors XLV Trust 2013-1 ("Greenwich"), who then held the Notes, provided notice to Treviño and the Debtor that it intended to have a foreclose sale regarding the 200 Acres.

4. On August 29, 2014, the Debtor filed an adversary proceeding against both Greenwich and Treviño (collectively, the Debtor, Greenwich, and Treviño are sometimes herein referred to herein as the "Adversary Parties") to establish that the Debtor was the true, equitable, and beneficial owner of the 200 Acres. The Debtor sought to obtain an injunction preventing the foreclosure, but was required to make an "adequate protection" payment of $34,998.28 to Greenwich (the "Adequate Protection Payment").

5. On September 16, 2014, the Court entered the Supplement to Stipulation and Agreed Third Interim Order Authorizing the Debtor's Use of Cash Collateral [Docket No. 100] authorizing the Debtor's use of the cash collateral of PlainsCapital Bank ("PCB") to make the

Adequate Protection Payment. PCB was granted a replacement lien in the Debtor's assets, including the 200 Acres.

6. On October 6, 2014, the Debtor filed a 9019 Motion regarding the Adversary Parties' settlement of the adversary proceeding. In accordance with the Debtor's settlement ("Settlement") with Greenwich, as approved by the Order Granting Debtor's Motion to Compromise Controversy Under Bankruptcy Rule 9019 With Defendant Greenwich Investors XLV Trust 2013-1 and Defendant Dagoberto G. Treviño [Docket # 136], the 200 Acres was conveyed by Treviño to the Debtor and the Debtor agreed to market the 200 Acres for sale.

7. On or about April 28, 2015, pursuant to this Court's Order Authorizing and Approving Sale of Real Property [Docket No. 276] (the "Sale Oder"), the Debtor sold the 200 Acres. Pursuant to the Sale Order, after payment of certain claims and expenses, the remaining proceeds of the 200 Acres sale were "deposited in a separate DIP account held by the Debtor and subject to any liens, financing statements, mortgages or other documents evidencing claims or encumbrances against the 200 Acres." Currently, the Debtor is holding approximately $384,400.35 in cash proceeds from the 200 Acres sale (the "Escrow Reserve").

## IV. RELIEF REQUESTED

8. By this Motion, the Debtor seeks authority to distribute the remaining proceeds from the Escrow Reserve as follows:

a. $48,817.28 to the Debtor as replenishment of PCB's cash collateral used to pay the following amounts:

1. $34,998.28 Adequate Protection Payment paid to Greenwich;
2. $1,088.50 paid to The Claro Group, LLC for professional fees incurred in connection with the sale of the 200 Acres;

3. $10,443.00 paid to Okin & Adams LLP for professional fees incurred in connection with the sale of the 200 Acres;

4. $2,287.50 in payment to Wick Phillips Gould & Martin, LLP professional fees incurred in connection with the sale of the 200 Acres; and

b. After establishment of the Professional Fee Reserve (defined below), the remaining Escrow Reserve, currently, approximately $315,583.07, to the Texas Comptroller of Public Accounts ("Comptroller") as payment toward the Comptroller's secured claim.

9. The Debtor shall hold $15,000.00 (the "Professional Fee Reserve"), which shall be held, subject to the Comptroller's lien, for payment of any allowed professional fees incurred in connection with the 200 Acre sale exceeding the amounts set forth in paragraphs 8a(2) – 8a(4) above.

WHEREFORE PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order authorizing and approving the disbursement of the Escrow Reserve as set forth herein and granting such other relief as may be just and proper.

Respectfully submitted on the 30th day of June, 2015.

**OKIN & ADAMS LLP**

By: *_/s/ Matthew S. Okin________________*
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
George Niño
Texas Bar No. 00786456
Email: gnino@okinadams.com
David L. Curry, Jr.
Texas Bar No. 24065107
Email: dcurry@okinadams.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118

**COUNSEL FOR AZIZ CONVENIENCE STORES, L.L.C., PLAINTIFF, DEBTOR AND DEBTOR-IN-POSSESSION**

**ATLAS, HALL & RODRIGUEZ LLP**

/s/ *Vicki M. Skaggs*
Vicki M. Skaggs (TX 13320100)
818 Pecan Blvd.
McAllen, Texas 78501
Main Dial Number 956.682.5501

**-and –**

**GARDERE WYNNE SEWELL LLP**

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Evan Baker (TX 24073879)
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000

**ATTORNEYS FOR PLAINSCAPITAL BANK**

**TEXAS ATTORNEY GENERAL**

*/s/ Jason A. Starks*
Jason A. Starks (TX 24046903)
Assistant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: 512.475.4867

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2015, I filed the foregoing pleading electronically, causing a true and correct copy of the foregoing to be served via the Court's EM/ECF electronic system to all parties consenting to service through same.

*/s/ David L. Curry, Jr.*
David L. Curry, Jr.