

ENTERED
07/29/2015

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 14-70427 |
| AZIZ CONVENIENCE STORES, L.L.C., | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**ORDER (A) APPROVING PURCHASE AGREEMENT; (B) AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (C) APPROVING FORM AND MANNER OF SERVICE OF NOTICE OF SALE HEARING; AND (D) GRANTING RELATED RELIEF**
[Relates to Docket #283 and #295]

Upon consideration of the Emergency Motion,[1] Pursuant to Bankruptcy Code Sections 105(a); 363; and 365, and Bankruptcy Rules 2002, 6004, and 6006 for Entry of: (I) an Order: (A) Approving Auction and Bidding Procedures; (B) Scheduling Auction and Sale Hearing; (C) Approving the Form and Manner of Service of Notice of Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief; and (II) An Order: (A) Approving Purchase Agreement; (B) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (C) Approving Form and Manner of Service of Notice of Sale Hearing; and (D) Granting Related Relief (the "Motion"); the Court having considered the entire record in these proceedings to date and the arguments presented by counsel for the various parties reflected in the record at the hearing held on July 28, 2015; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing on the Motion establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A.  <u>Findings of Fact</u>.  The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Emergency Motion.

Bankruptcy Procedure 7052 made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014.

B. <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) and (N).

C. <u>Statutory Predicates</u>. The statutory predicates for the relief sought herein include: (i) §§ 105(a), 363, and 365, of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and (ii) Rules 2002, 4001(d), 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

D. <u>Final Order</u>. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(H) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein and waiver of any automatic stay period.

E. <u>Notice</u>. Proper notice has been given to all necessary parties with respect to the Sale Motion and all matters addressed in this Sale Order.

F. <u>Opportunity to Object</u>. A reasonable opportunity to object and to be heard with respect to the proposed Sale, the Sale Motion and the relief requested therein has been given to all creditors, government units, interested persons and entities, including without limitation, the following: (i) the office of the United States Trustee; (ii) counsel for all of the Debtors, (iii) counsel for the secured lenders; (iv) applicable federal, state and local regulatory or taxing authorities, and (v) all parties on the current master service list.

G. <u>Marketing Efforts</u>. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Order: (I) Approving Auction and Bidding Procedures and Auction Date; (II) Scheduling Date and Time for Sale Hearing; (III) Approving Form and Manner of Notice of Auction and Sale Hearing; (IV) Approving Form and Manner of Service of Notice of Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (V) Granting Related Relief [Doc. No. 295] (the "<u>Procedures Order</u>"), the Debtor afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders, participate in the Auction and submit their highest or otherwise best offer to purchase all or substantially all of the Property.

H. <u>Compliance with Procedures Order</u>. The Debtor and its professionals have complied in all material respects with the Procedures Order. Likewise, the Succesful Bidder (defined herein) and the Back-Up Bidder (defined herein) have complied in all material respects with the Procudures Order.

I. <u>Successful Bidder</u>. At the conclusion of the Auction, the Debtor announced that it had determined that the offer of $41,600,000.00 (the "<u>Purchase Price</u>") submitted by Susser Petroleum Property Company LLC at the Auction was the highest and best offer for the Assets submitted at the Auction in compliance with procedures set forth in the Procedures Order and it therefore was the "<u>Successful Bidder</u>" for the Assets[2] in accordance with the Procedures Order. Circle K Stores Inc. submitted the next highest offer with a bid of $41,500,000 and is, therefore, the "<u>Back-Up Bidder</u>" for the Assets in accordance with the Procedures Order.

---

[2] So long as the Successful Bidder remains the Purchaser, Assets shall have the meaning set forth in the PSA as defined below. In the event the Back-Up Bidder becomes the Purchaser, Assets will also include Store #2 and all inventory, equipment and other personal property contained therein.

3

J. <u>Purchaser</u>. As used in this Sale Order, the term "<u>Purchaser</u>" shall refer to the Successful Bidder. If the Successful Bidder fails or refuses to close on the Sale pursuant to the terms of this Sale Order on or before August 10, 2015 without the Debtor's prior agreement to extend such deadline, the Debtor may notify the Successful Bidder that its rights under this Sale Order have terminated. In the event of such termination, the Back-Up Bidder shall be deemed to be the "<u>Purchaser</u>" under this Sale Order.

K. <u>Purchase and Sale Agreement.</u> On April 30, 2015, the Debtor and the Successful Bidder entered into a Purchase and Sale Agreement for the sale of substantially all of the Debtor's assets (the "<u>Original PSA</u>"). On May 29, 2015, the Debtor and the Successful Bidder entered into the First Amendment to Purchase and Sale Agreement ("<u>1st Amendment</u>"). On June 5, 2015, the Debtor and the Successful Bidder entered into the Second Amendment to Purchase and Sale Agreement ("<u>2nd Amendment</u>"). On July 14, 2015, the Debtor and the Successful Bidder entered into the Third Amendment to the Purchase and Sale Agreement ("<u>3rd Amendment</u>"; collectively the Original PSA, the 1st Amendment, the 2nd Amendment, and 3rd Amendment shall be the "<u>PSA</u>"). The PSA was admitted into evidence at the Sale Hearing and the Court hereby approves the terms and conditions contained in the PSA and authorizes the Debtor to complete the transaction set forth therein pursuant to such terms and conditions,, provided, however, that the price paid by the Purchaser shall be the Purchase Price.

L. <u>Sale is in the Best Interests of the Debtor's Estate and Creditors.</u> Good and sufficient reasons for approval of the Sale have been articulated, and the relief requested in the Sale Motion and granted herein is in the best interests of the Debtor, its estate, its creditors and other parties in interest.

M. <u>Business Justification.</u> The Debtor has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale outside

4

of the ordinary course of business under § 363(b) of the Bankruptcy Code in that, among other things, the immediate approval by this Court of the Sale of the Assets to the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate. The Sale does not constitute a *sub rosa* or *de facto* plan of reorganization or liquidation, as the Sale does not and will not: (a) impair or restructure existing debt of, or equity interests in, the Debtor; (b) impair or circumvent chapter 11 plan safeguards, such as those set forth in §§ 1125 and 1129 of the Bankruptcy Code; or (c) classify claims or equity interests, compromise controversies or extend debt maturities.

N.  <u>Free and Clear</u>.  The Debtor is the sole and lawful owner of the Assets. The transfer of the Assets to the Purchaser will be a legal, valid, and effective transfer of the Assets and will vest the Purchaser with all right, title and interest of the Debtor in the Assets free and clear of all liens (as defined in § 101(37) of the Bankruptcy Code, whether consensual, statutory, possessory, judicial or otherwise), claims (as defined in § 101(5) of the Bankruptcy Code), encumbrances, or other interests of any kind or nature whatsoever, other than Assumed Contracts (defined below), whether known or unknown, legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or after the Petition Date, and whether imposed by agreement, understanding, law, equity or otherwise, accruing, arising or relating thereto any time prior to the closing date except for senior *ad valorem* property tax liens (the "Tax Liens") (collectively, the "Interests"), with all such valid and unavoidable liens (including in particular, ~~and except as set forth herein~~, those of PlainsCapital Bank ("PCB")) transferring and attaching to the proceeds of the Sale with the same validity, priority, force, and effect that the liens had on any or all of the Assets immediately prior to Closing.

O.  Satisfaction of § 363(f) Standards.  The Debtor may sell and transfer, and Purchaser may purchase, the Assets free and clear of any Interests of any kind or nature whatsoever, except for the Tax Liens, because, in each case, one or more of the standards set forth in § 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

P.  Good Faith.  The Debtor and the Purchaser, including their agents and representatives, participated in the Auction for the purchase of the Assets in good faith, without collusion, and at arms' length within the meaning of Bankruptcy Code §363(m).  The Purchaser is a good faith purchaser under Bankruptcy Code §363(m) and will be acting in good faith in closing the Sale and is entitled to the protection of Bankruptcy Code §363(m).

It is therefore **ORDERED, ADJUDGED AND DECREED** that:

1.  Motion is Granted.  The relief requested in the Sale Motion is **GRANTED** as set forth herein.  The Debtor is authorized to take any and all actions necessary to implement this Sale Order.  The Debtor is further authorized to complete the Sale according to the terms and conditions set forth in the PSA, provided, however, that the Purchase Price as defined in the PSA is hereby amended to be $41,600,000.00.

2.  Objections Overruled.  To the extent that any objection to the Sale Motion was not withdrawn, waived or settled, such objection, and all reservations of rights or relief requested, is hereby overruled on the merits and denied with prejudice.

3.  Free and Clear.  Pursuant to §§ 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtor shall transfer, and the Purchaser shall take fee simple title to and possession of the Assets free and clear of any and all Interests, except for the Tax Liens, with all such valid and unavoidable liens (including in particular, ~~and except as set forth herein,~~ those of PCB and the Tax Liens) transferring and attaching to the proceeds of the Sale with the same validity, priority, force, and effect that the liens had on any or all of the Assets immediately prior to Closing.

Nothing herein shall release any liens or security interests of PCB on any property of the Debtor's estate other than the Assets.

4. <u>Release of Liens</u>. This Sale Order is and shall be effective as a determination that all Interests except for the Tax Liens (the "<u>Released Interests</u>"), shall be, and hereby are, released with respect to the Debtor's interest in the Assets as of the closing of the Sale. On the closing date of the Sale, each of the Debtor's creditors, and any party in interest, is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Released Interests in the Assets, if any, as such Released Interests may have been recorded or may otherwise exist. If any person or entity that has filed liens, financing statements, mortgages, mechanics' liens, *lis pendens*, leases or other documents or agreements evidencing Released Interests in the Assets shall not have delivered to the Debtor prior to closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, unconditional releases of all Released Interests that the person or entity has with respect to the Assets, or otherwise (except as provided in this Sale Order with respect to the credit from the Sale), Purchaser is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf and in the name of the person or entity with respect to the Assets. In the alternative, Purchaser may file, register or record a certified copy of this Sale Order in any place where such instruments would or could be filed, and such filing shall constitute conclusive evidence of the release of Interests in the Property as of the closing of the Sale.

5. <u>Payment and Application of Purchase Price</u>. The Purchase Price shall be paid by the Purchaser in cash and the Escrow Agent, San Jacinto Title Services of Texas, LLC, is hereby authorized and directed to apply the proceeds of the Sale at closing in the amounts and priority as set forth below:

a. to pay all closing costs, escrow, fees, and prorations payable by the Debtor pursuant to the PSA;

b. to pay any Sale Fee earned by GA Keen Realty Advisors, LLC ("Keen") pursuant to the Debtor's agreement with Keen and this Court's Corrected Agreed Order Authorizing the Employment of GA Keen Realty Advisors, LLC, as Investment Banker for the Debtor, Pursuant to §§ 105(a), 327(a), and 328(a) of the Bankruptcy Code [Docket # 180];

c. to indefeasibly pay the PCB Allowed Prepetition Secured Claim ($27,601,798.07) pursuant to the Order Approving Compromise and Settlement Pursuant to Bankrtupcy Rule 9019 (Doc. #290) [Doc. No. 308];

d. all remaining proceeds to be deposited in a separate DIP account held by the Debtor and subject to any liens, financing statements, mortgages or other documents evidencing claims or encumbrances against the Property as set forth in paragraph 3 above, provided, however, that such liens shall be subordinate to (a) the fees and expenses of the Clerk of the Court or the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a), and (b) allowed postpetition fees and expenses of the professionals retained by the Debtor pursuant to Orders of this Court entered in accordance with §§ 327 and 1103 of the Bankruptcy Code.

6. *Ad Valorem* Taxes and Liens. In addition to the payments set forth in paragraph 5 above, the Debtor shall pay any delinquent ad valorem taxes at closing of the sale and, notwithstanding any other provision of this Sale Order, liens that secure payment of 2015 taxes shall remain in effect until such taxes are paid in full. The Debtor is futher authorized to pay any pro-rated portion of such 2015 taxes as required under the PSA.

7. <u>Assumption and Assignment of the Contracts</u>. Pursuant to §§ 105(a), 363(b), 363(f), 365(a), 365(b) and 365(f) of the Bankruptcy Code, the Debtor is hereby authorized to assume and assign to the Purchaser of the Assets at the closing of the Sale, any or all of the Contracts related to the Assets that the Purchaser has indicated it elects to assume. The assignment and transfer by the Debtor to the Purchaser of the Contracts upon closing of any Sale constitutes assignment and transfer to the Purchaser of all of the Debtors' right, title and interest (including common law rights) to all of their intangible property included in the Contracts. Contracts assumed and assigned to the Purchaser shall be "<u>Assumed Contracts</u>." Upon assignment to the Purchaser, the Assumed Contracts shall be deemed valid and binding, in full force and effect in accordance with their terms, notwithstanding any provision that purports to prohibit assignment or condition assignment on approval by any counterparty to the Assumed Contracts, or to give any counterparty to the Assumed Contracts a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's or Purchaser's interests or rights in any of the Assets or Contracts, and pursuant to § 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any post-closing liability of any kind.

8. <u>Cure Amounts</u>. There are no cure amounts due under any of the Assumed Contracts.

9. <u>Assumption of Contract is Approved</u>. Any provisions in the Assumed Contracts that prohibits or conditions the assignment of such Contract or allows the party to such Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Contract, constitutes unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under §§ 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Purchaser of the Assumed Contracts have been satisfied.

9

10. <u>TCEQ</u>. Notwithstanding anything to the contrary in any purchase agreement or this Sale Order, nothing in any such agreement or this Sale Order (i) releases or nullifies any liability to the Texas Commission on Environmental Quality (TCEQ) under statutes or regulations to which any purchaser(s) or assignee would be subject as the owner or operator of the Property after the date of entry of this Sale Order, just as if this sale had taken place outside bankruptcy, (ii) modifies the obligations that any entity which owns or operates the Property after the date of entry of this Sale Order has to comply with applicable regulations and statutes concerning the Property, or (iii) impairs or restricts the TCEQ's ability to pursue any of its rights and remedies in state court against any entity which owns or operates or will own or operate the Property.

11. <u>Reasonably Equivalent Value</u>. The Sale constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of all applicable jurisdictions, including, without limitation, the laws of Texas.

12. <u>Non-Severable</u>. The provisions of this Order are non-severable and mutually dependent.

13. <u>Modifications</u>. The terms of the Sale and any related agreements, documents or instruments may be modified, amended or supplemented by the parties thereto, in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

14. <u>This Order Controls</u>. To the extent that any provision of this Sale Order is inconsistent with the terms of any purchase documents executed by the Debtor and Purchaser prior to closing the Sale, this Sale Order shall govern.

15. <u>Order Effective Immediately</u>. Notwithstanding Bankruptcy Rule 6004(h) and 6006(d) or any other similar provision, this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

16. <u>Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear and determine all matters arising for or related to this implementation of this Sale Order.

SIGNED this 28th day of July, 2015.

THE HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE